IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DENNIS FREEMAN,

      Plaintiff,

v.                             CASE NO. 4:11-cv-00037-WS-GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Defendant.

_____/

## O R D E R

      Plaintiff is a prisoner proceeding *pro se*, alleging that the policy of the Florida

Department of Corrections, codified at Fla. Admin. Code. Ann. r. 33-602.22, violates his

First Amendment rights by restricting him to religious reading materials only while in

disciplinary confinement.  (Doc. 1.)

      Plaintiff was initially granted leave to proceed as a pauper but paid the full filing

fee. (Docs. 3, 7).  The complaint was filed on January 25, 2011; thus, the deadline for

service was May 25, 2011.  (Doc. 1.)  In Plaintiff's response to this Court's October 4,

2011 Order to Show Cause (Doc. 10), he stated that before the 120-day period expired,

he mailed the complaint and summons to the Daley Law Firm in Tallahassee and that

the firm advised him the complaint was timely served upon the Defendant.  (Doc. 11.)

Plaintiff stated that he advised the Daley Law Firm of this Court's order to show cause

but had not yet received a response.  The Court granted Plaintiff two extensions of

time, with the most recent deadline for service passing on January 3, 2012.  In

response to this Court's January 5, 2012 Order to Show Cause (Doc. 15), Plaintiff

advised the Court that he mailed two copies of the AO 398 form to Defendants on December 20, 2011.  (Doc. 16.)

To date, no service has been executed as to the Defendant and Plaintiff has provided the Court no evidence that Defendant has waived formal service.  Plaintiff has not requested any additional extension of time beyond January 3, 2012 to serve Defendants.  A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).  The original deadline for service passed more than one year ago.  Plaintiff has been granted repeated extensions of time to execute service since October 2011 but has failed to do so.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for failure to comply with an order of the Court and for failure to prosecute.

**IN CHAMBERS**, at Gainesville, Florida, this 6th day of June 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

<u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.